UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE EGGERS,<br>Plaintiff,<br>v.<br>UNITED STATES, et al.<br>Defendants. | NO. CV 08-986-SJL (AGR)<br><br>**ORDER TO SHOW CAUSE** |

**I.**

**BACKGROUND**

On November 29, 2007, in Case No. 06-CV-2250-IPJ, United States District Judge Inge Prytz Johnson of the Northern District of Alabama ordered that Section A of the first amended complaint be transferred to the Central District of California. As a result of Judge Johnson's order, the first amended complaint ("FAC") was filed in this Court on March 10, 2008.

In accordance with the mandate of the Prison Litigation Reform Act of 1995, the Court screened the complaint to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

///

seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c)(1); *see also* 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

The Court's screening of the complaint is governed by the following standards. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

After careful review of the complaint under these standards, the Court finds that the complaint is time-barred. The Court, therefore, orders Plaintiff to show cause, on or before **April 16, 2008**, why this Court should not recommend dismissal with prejudice based on expiration of the statutes of limitations.

## II.

## STATUTES OF LIMITATIONS

### A. Section 1983 Statute of Limitations

Plaintiff's civil rights action is against deputy sheriffs of the San Bernardino Sheriff's Department under 42 U.S.C. § 1983. (FAC, ¶¶ 1, 7-13.) Federal courts apply the forum state's personal injury statute of limitations for section 1983 claims. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), *cert. denied*, 529 U.S. 1117 (2000). In California, the applicable statute of limitations at the time of the alleged misconduct was one year. *Id.* "Federal courts also apply a forum state's law regarding tolling, including equitable tolling when not inconsistent with federal law." *Id.* (citations omitted). "Federal law, however, governs when a claim

accrues. A claim accrues when the plaintiff knows, or should know, of the injury, which is the basis of the cause of action." *Id.* (citations omitted) *see also Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir.), *cert. denied*, 128 S. Ct. 669 (2007).

According to the complaint, beginning in 1985, when Plaintiff was 17 years old, he was incriminated in crimes including sale of cigarettes and alcohol to minors, and the sale of drugs, as part of a sting operation by the San Bernardino Sheriff's Department and the FBI. Plaintiff accuses the law enforcement officers of violating his constitutional rights in arresting, charging, and detaining him. He also alleges that the law enforcement officers coerced him into helping them with their sting operation. (FAC ¶¶ 63, 76.) Because of the alleged pressure put on Plaintiff, he agreed to help them. (*Id.* ¶ 76.)

Defendants then used Plaintiff in their pursuit of other individuals involved in drug deals. (*See, e.g., id.* ¶ 98.) Plaintiff subsequently informed Defendants that some of these targeted individuals had become suspicious of Plaintiff's involvement. (*Id.* ¶ 118.) Defendants failed to investigate Plaintiff's concerns and to otherwise protect Plaintiff. (*Id.* ¶ 119.) As a result, Plaintiff was threatened and attacked. (*Id.* ¶ 122.)

Plaintiff also asked Defendants to be placed in a "relocation" program but was refused. (*Id.* ¶¶ 125-26.) On July 28, 1986, Plaintiff was "accosted" by one of the individuals targeted in the earlier police operation. Defendants refused to protect Plaintiff. (*Id.* ¶ 129.) Plaintiff again complained to Defendants in January of 1987, but without success. (*Id.* ¶¶ 134-37.)

The latest date of misconduct alleged in the complaint is January 20, 1987. (*Id.* ¶ 137.) Thus, Plaintiff's claims against Defendants under section 1983 began to accrue no later than January 20, 1987, as Plaintiff knew or should have known at that time of the injuries that form the basis of his claims. *Fink*, 192 F.3d at 914. Absent tolling, the statute of limitations for Plaintiff's claims expired on January

3

20, 1988. Plaintiff filed his initial complaint in Alabama on October 23, 2006, more than 18 years after the expiration of the limitations period.

Nor does it appear that Plaintiff is entitled to equitable tolling.[1]  "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations:  (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink*, 192 F.3d at 916 (citation and internal quotation marks omitted).  Plaintiff bears the burden of proving he is entitled to equitable tolling. *See Hinton v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993), *cert. denied*, 511 U.S. 1083 (1994).

Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).  There are no allegations that Plaintiff was pursuing his claims between 1987 and 2006. *Guerrero v. Gates,* 442 F.3d 697, 706 (9th Cir. 2006) (plaintiff did not pursue claims before filing suit); *compare Azer v. Connell*, 306 F.3d 930, 938 (9th Cir. 2002) (finding that the plaintiff "diligently pursued both administrative and state court remedies, promptly instituting actions to preserve its rights").

Accordingly, Plaintiff's complaint is time-barred under section 1983.

**B.    Federal Torts Claims Act**

To the extent Plaintiff is attempting to bring his claims under the Federal Torts Claims Act ("FTCA") (*see* FAC ¶ 1, invoking 28 U.S.C. § 1346(b)(1)), his

---

[1] It does not appear Plaintiff is entitled to statutory tolling under Cal. Code of Civil Proc. § 352.1, which tolls the statute of limitations for two years for incarcerated individuals.  Plaintiff does not allege he was incarcerated from January 20, 1987, onward ("the time the cause of action accrued").   However, even assuming he was, for claims that accrued before January 1, 1995, when section 352.1 was enacted, the Ninth Circuit has held that claims are tolled for two years from accrual, or until January 1, 1995, whichever occurs later.  *See Fink*, 192 F.3d at 916.  Thus, even assuming section 352.1 is applicable, the limitations period would have expired on January 1, 1996, still more than 10 years before Plaintiff filed his complaint.

4

claims are still time-barred.  During the same period of time (1985-87), Plaintiff alleges that the actions of unnamed FBI agents, working together with the San Bernardino police, injured him.  (*See, e.g.,* FAC ¶ 81.)

The FTCA, 28 U.S.C. §§ 2671 *et seq.*, authorizes suits against the United States for money damages for personal injuries resulting from the negligent or wrongful acts or omissions of the United States employees acting within the scope of their employment.  To bring an action under the FTCA, a claimant must first file a written claim for money damages with the federal agency employing the negligent employee.  28 U.S.C. § 2675.  Furthermore, a tort claim against the United States is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).  A claim begins to accrue "when the plaintiff knows both the existence and cause of his injury."  *United States v. Kubrick*, 444 U.S. 111, 113, 118-24, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979).

Plaintiff does not allege that he filed any claim with any federal agency within two years of 1987.  Notwithstanding his failure to file a claim with the government or to file his complaint here until 18 years after the events, Plaintiff alleges he is saved by 28 U.S.C. § 2401(a), which tolls the six-year statute of limitations for "any person under legal disability . . . at the time the claim accrues [until] three years after the disability ceases."  (FAC ¶ 2.)  Section 2401(a) provides that a plaintiff has six years to bring any civil action against the United States.  However, the Ninth Circuit has held that the "legal disability" language in § 2401(a) does not apply to subsection (b).  *United States v. Glenn*, 231 F.2d 884, 887 (9th Cir.) ("[T]he disability provision of 2401(a) [does not] reach into 2401(b), the limitations sub-section for Federal Tort Claims"), *cert. denied*, 352 U.S. 926 (1956).  Therefore, subsection (a) is not applicable to Plaintiff's case.

///

///

5

1   Finally, any claim that Plaintiff is entitled to tolling based on mental illness
2 is unsupported. Plaintiff alleges that during the time of the misconduct, he "began
3 to experience paranoid tendencies." (FAC ¶ 80.) He also alleges that his "mental
4 illness had begun to progressively worsen during his involuntary employment for
5 the defendants." (*Id.* ¶ 111.) The Court notes that in papers filed by the Plaintiff
6 on March 7, 2008, he claims that in 2002, as part of his trial for murder, Dr.
7 Shealy diagnosed Plaintiff with "intermittent explosive rage disorder" and
8 "paranoid personality disorder." (Affidavit/Motion at 1-2; *see also* FAC, Ex. B,
9 Psychological Evaluation Summary at 2.) Dr. Shealy was hired by Plaintiff's
10 criminal counsel "to assist in determining his mental state at the time of the
11 offense."[2] (FAC, Ex. B, Psychological Evaluation Summary at 1.)

12   "Mental incompetency generally does not toll the statute of limitations of the
13 Federal Torts Claims Act" unless the mental conditions bears on the plaintiff's
14 ability to understand the nature and cause of his injuries. *Kelly v. United States*,
15 554 F. Supp. 1001, 1005 (E.D.N.Y. 1983) (citations omitted); *see Zeidler v.*
16 *United States*, 601 F.2d 527, 531 (10th Cir. 1979); *see also Outman v. United*
17 *States*, 890 F.2d 1050, 1053 (9th Cir. 1989) ("The uncontested evidence in the
18 present case, however, shows that regardless of the precise extent of appellant's
19 mental illness or injury, he was aware of the physical cause of his injury by at
20 least 1977").

21   Plaintiff has not alleged any facts indicating he did not understand the
22 nature and cause of his injuries in 1987.

23   Accordingly, Plaintiff's complaint is time-barred under the FTCA.

---

[2] Plaintiff was convicted of a murder that was committed on December 30, 2000. *Eggers v. Alabama*, 914 So. 2d 883, 888 (Ala. Crim. App. 2004), *cert. denied*, 546 U.S. 1140 (2006). Although Eggers pled not guilty by reason of insanity, he never claimed he was insane at the time of the crime. *Id.* at 890. He claimed "he suffered from intermittent explosive disorder and personality disorder, that the initial attack on Francis in the truck was the result of blind rage precipitated by Francis slapping him." *Id.*

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before ***April 16, 2008***, Plaintiff shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the first amended complaint based on expiration of the statutes of limitations.  Plaintiff's response must explain why the complaint is not barred by the statutes of limitations.

***Plaintiff is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court dismiss the first amended complaint, with prejudice, based on expiration of the statutes of limitations.***

DATED: March 17, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge