FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

**JUL 1 6 2008**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA**

10        **WESTERN DIVISION**

11    MICHAEL WAYNE EGGERS,              ) No. CV 08-986-JSL (AGR)

12              Plaintiff,             )
                                        ) **ORDER ADOPTING MAGISTRATE**
13        v.                           ) **JUDGE'S REPORT AND**
                                        ) **RECOMMENDATION**
14    UNITED STATES, et al.,            )

15              Defendants.            )

16    _____

17        Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*,

18    including the First Amended Complaint (FAC), the Magistrate Judge's Report and

19    Recommendation, Plaintiff's Objections to the Report and Recommendation, and all

20    records in the file.  Having made a *de novo* determination, the Court agrees with the

21    recommendation of the Magistrate Judge.

22        In his Objections, Plaintiff argues that the Court (1) should permit Plaintiff to

23    conduct discovery to determine whether there is a basis for amendment that would

24    not be barred by the statute of limitations; and (2) should appoint an expert to

25    determine whether Plaintiff's mental incompetency may excuse an otherwise time-

26    barred complaint. (Objection #1 ¶¶ 20-21; Objection #2 ¶¶ 1-2, 15.)

27        Plaintiff's theory appears to be that the named defendants in this action

28    engaged in conduct in 1985-1987 that caused Plaintiff to develop mental defects

1  which, in turn, caused Plaintiff to kill Bennie Francis Murray in Alabama. (*See, e.g.,*

2  Objection #3 ¶ 4.)  The killing of Murray occurred on December 30, 2000. *Eggers v.*

3  *State*, 914 So. 2d 883, 888 (Ala. Crim. App. 2004), *cert. denied*, 546 U.S. 1140

4  (2006).  Plaintiff states he was apprehended in January 2001. (Objections, Question

5  #44.)

6      The Court construes the Objections as a request for leave to amend the First

7  Amended Complaint.  Before dismissing a pro se civil rights complaint, a pro se

8  plaintiff should be given an opportunity to cure the deficiencies in the complaint

9  unless it is absolutely clear the deficiencies cannot be cured by amendment.

10  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *see*

11  *also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Here, the Magistrate

12  Judge issued an Order to Show Cause (Docket No. 12) and Plaintiff filed a response

13  (Docket No. 18) before issuance of the Report and Recommendation.  Therefore,

14  Plaintiff had an opportunity to address the deficiencies in the First Amended

15  Complaint.

16      "A district court acts within its discretion to deny leave to amend when

17  amendment would be futile." *Chappel v. Laboratory Corp. of America*, 232 F.3d 719,

18  725-26 (9th Cir. 2000) (citation omitted).

19      Here, amendment would be futile.  Plaintiff's argument that the named

20  defendants' conduct outside the limitations period caused mental defects which

21  resulted in the killing of Bennie Francis Murray on December 30, 2000, does not

22  overcome the statute of limitations bar.  Discrete acts that occurred outside the

23  limitations period are not actionable even if the plaintiff alleges they are related to

24  acts that fall within the limitations period. *RK Ventures, Inc. v. City of Seattle*, 307

25  F.3d 1045, 1061 (9th Cir. 2002) (applying *National R.R. Passenger Corp. v. Morgan*,

26  536 U.S. 101, 112, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002); *see Ledbetter v.*

27  *Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162, 2169, 167 L. Ed. 2d 982 (2007)

28  (current effects from acts outside the limitations period do not breathe new life into

1  prior acts); *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822,

2  828-29 (9th Cir. 2003) (time-barred acts cannot support § 1983 claim).  Moreover, the

3  date of Murray's killing, December 30, 2000, is itself outside the limitations period.[1]

4  There is no indication in the First Amended Complaint or the Objections that the

5  named defendants in this action committed actionable conduct during the limitations

6  period. (*E.g.*, FAC ¶¶ 139-155.)

7        Plaintiff argues that he has now "looked back over the years & has fully

8  analized (sic) his life & the causes of his mental states after an unlawful conviction."

9  (Objection #1 ¶ 14.)  However, the date on which a plaintiff reflects on his or her past

10  is not the correct accrual date for the statute of limitations.  *See Wallace v. Kato*, 127

11  S. Ct. 1091, 1097, 166 L. Ed. 2d 973 (2007) (cause of action accrues when the

12  wrongful act or omission results in damage "even though the full extent of the injury is

13  not then known or predictable").

14        Plaintiff appears to argue that he is entitled to writ of habeas corpus review of

15  his conviction due to the facts and circumstances alleged in the First Amended

16  Complaint and his Objections. (Objections, Question #75.)  Plaintiff's argument is not

17  properly directed to this Court.  Plaintiff's petition for writ of habeas corpus is pending

18  in the Northern District of Alabama and not in this Court. (*Eggers v. Jones, et al.*,

19  Case No. 06-01315.)

20        Accordingly, construing the Objections as a request for leave to amend, the

21  Court denies the request.  All other pending motions are denied.[2]

22  _____

23  [1] Even assuming the limitations period started running on the date of Murray's
    killing (December 30, 2000), Plaintiff's complaint would still be time-barred under

24  the one-year statute of limitations in effect at that time. (*See* Report &
    Recommendation at 4, 5 n.2.)

25  [2] Plaintiff contends that he filed a motion to appoint an expert witness on

26  February 7, 2008. (Objection #2 ¶ 2.)  However, this Court's docket does not
    indicate the filing of a motion for appointment of an expert witness on February 7,

27  2008.  Even construing the Objections as a motion for appointment of an expert
    witness and/or counsel on the issue of mental competency, such motion is

28  denied.  Plaintiff has not alleged facts in the First Amended Complaint or

IT IS ORDERED that Judgment be entered dismissing this action with prejudice.

DATED: ___July 15, 2004___     _____

J. SPENCER LETTS
United States District Judge

---

Objections indicating that any mental illness prevented him from filing suit. Plaintiff affirmatively alleges that he complained to authorities. (*E.g.*, FAC ¶¶ 128, 130, 132-135.)  Indeed, Plaintiff filed this lawsuit while operating under the same alleged mental defects.  Rather, Plaintiff states that previously he "was unaware that civil claims were available to him."  (Objection #10 ¶ 2.)

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          CENTRAL DISTRICT OF CALIFORNIA
10
11    MICHAEL WAYNE EGGERS,          )        NO. CV 08-986-JSL (AGR)
12              Plaintiff,            )
13        v.                         )
14    UNITED STATES, et al.          )        REPORT AND
                                     )        RECOMMENDATION OF UNITED
15              Defendants.          )        STATES MAGISTRATE JUDGE
                                     )
16                                   )
17    _____  )
18        The Court submits this Report and Recommendation to the Honorable J.
19    Spencer Letts, United States District Judge, pursuant to 28 U.S.C. § 636 and
20    General Order No. 05-07 of the United States District Court for the Central District
21    of California.  For the reasons set forth below, the Magistrate Judge recommends
22    that the complaint be dismissed.
23    ///
24    ///
25    ///
26    ///
27    ///
28    ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.

## SUMMARY OF PROCEEDINGS

On November 29, 2007, in Case No. 06-CV-2250-IPJ, the Honorable Inge Prytz Johnson of the Northern District of Alabama ordered that Section A of the First Amended Complaint be transferred to the Central District of California.  As a result, the First Amended Complaint ("FAC") was filed in this Court on March 10, 2008.

In accordance with the mandate of the Prison Litigation Reform Act of 1995, on March 17, 2008, the Court screened the complaint to determine whether the action was frivolous or malicious, failed to state a claim on which relief might be granted, or sought monetary relief against a defendant who was immune from such relief.  42 U.S.C. § 1997e(c)(1); *see also* 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

The Court's screening of the complaint was governed by the following standards.  A complaint may be dismissed for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford Plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988).  Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

After careful review of the complaint under these standards, the Court found that the complaint was time-barred.  The Court, therefore, ordered Plaintiff to show cause why the Court should not recommend dismissal with prejudice

///

2

1  based on expiration of the statutes of limitations.  On April 7, 2008, Plaintiff filed a

2  response to the order to show cause ("Response").

3      This matter is now ready for decision.

4                                    **II.**

5              **ALLEGATIONS IN FIRST AMENDED COMPLAINT**

6      Beginning in 1985, when Plaintiff was 17 years old, he was incriminated in

7  crimes including sale of cigarettes and alcohol to minors, and the sale of drugs,

8  as part of a sting operation by the San Bernardino Sheriff's Department and the

9  FBI.  (*E.g.*, FAC ¶¶ 21-28, 33-44.)  Plaintiff accuses law enforcement officers of

10  violating his constitutional rights in arresting, charging, and detaining him.  He

11  also alleges that law enforcement officers coerced him into helping them with

12  their sting operation.  (*Id.* ¶¶ 63, 76.)  Because of the alleged pressure put on

13  Plaintiff, he agreed to help them.  (*Id.* ¶ 76.)

14      Defendants then used Plaintiff in their pursuit of other individuals involved

15  in drug deals.  (*See, e.g., Id.* ¶ 98.)  Plaintiff subsequently informed Defendants

16  that some of these targeted individuals had become suspicious of Plaintiff's

17  involvement.  (*Id.* ¶ 118.)  Defendants failed to investigate Plaintiff's concerns and

18  to otherwise protect Plaintiff.  (*Id.* ¶ 119.)  As a result, Plaintiff was threatened and

19  attacked.  (*Id.* ¶ 122.)

20      Plaintiff also asked Defendants to be placed in a "relocation" program but

21  was refused.  (*Id.* ¶¶ 125-26.)  On July 28, 1986, Plaintiff was "accosted" by one

22  of the individuals targeted in the earlier police operation.  Defendants refused to

23  protect Plaintiff.  (*Id.* ¶ 130.)  Plaintiff again complained to Defendants in January

24  of 1987, but without success.  (*Id.* ¶¶ 134-37.)

25                                   **III.**

26              **PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983**

27  **A.    Statute of Limitations**

28  Plaintiff's civil rights action is against deputy sheriffs of the San Bernardino

1  Sheriff's Department under 42 U.S.C. § 1983.  (FAC ¶¶ 1, 10-13.)  Federal courts

2  apply the forum state's personal injury statute of limitations for section 1983

3  claims. *Wallace v. Kato*, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007); *Fink v.*

4  *Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), *cert. denied*, 529 U.S. 1117 (2000).

5  In California, the applicable statute of limitations at the time of the alleged

6  misconduct was one year.[1]  *Id.*  "Federal courts also apply a forum state's law

7  regarding tolling, including equitable tolling when not inconsistent with federal

8  law."  *Id.* (citations omitted).  "Federal law, however, governs when a claim

9  accrues.  A claim accrues when the plaintiff knows, or should know, of the injury,

10  which is the basis of the cause of action."  *Id.* (citations omitted); *see also*

11  *Wallace,* 127 S. Ct. at 1095; *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33

12  (9th Cir.), *cert. denied*, 128 S. Ct. 669 (2007).

13        **B.    Analysis**

14        The statute of limitations starts to run when the plaintiff can file suit and

15  obtain relief. *Wallace*, 127 S. Ct. at 1095.  "'Under the traditional rule of accrual .

16  . . the tort cause of action accrues, and the statute of limitations commences to

17  run, when the wrongful act or omission results in damages.  The cause of action

18  accrues even though the full extent of the injury is not then known or

19  predictable.'" *Id.* at 1097 (citation omitted); *Canatella*, 486 F.3d at 1133 ("'a claim

20  accrues when the plaintiff knows or has reason to know of the injury which is the

21  basis of the action'") (citation omitted).

22        The most recent date of misconduct alleged in the complaint occurred on

23  January 20, 1987. (FAC ¶ 137.)  Thus, Plaintiff's claims pursuant to 42 U.S.C. §

24  1983 began to accrue no later than January 20, 1987, as that is the latest date on

25

26        [1]  The current version of the statute became effective January 1, 2003, and provides for a two-year cause of action. *Canatella v. Van De Kamp*, 486 F.3d

27  1128, 1132 (9th Cir.), *cert. denied*, 128 S. Ct. 669 (2007).  However, the current statute does not apply retroactively.  Any cause of action that was more than one

28  year old as of January 1, 2003 is governed by the previous one-year statute of limitations. *Id.* at 1132-33.

4

which Plaintiff knew or should have known of injury which forms the basis of his cause of action. *See Wallace*, 127 S. Ct. at 1095; *Canatella*, 486 F.3d at 1133; *Fink*, 192 F.3d at 914. Absent equitable tolling, the statute of limitations for Plaintiff's claims expired one year later on January 20, 1988. Plaintiff filed his initial complaint in Alabama on October 23, 2006, more than 18 years after expiration of the limitations period.

As discussed above, federal courts apply the forum state's law regarding tolling, including equitable tolling when not inconsistent with federal law. *Id.* "Equitable tolling is a rare remedy to be applied in unusual circumstances." *Wallace*, 127 S. Ct. at 1100. "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations:[2] (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim;[3] and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink*, 192 F.3d at 916 (citation and internal quotation marks omitted). The effect of equitable tolling is that "'the limitations period stops running during the tolling event, and begins to run again only when the tolling event as concluded. As a consequence, the tolled interval . . . is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred.'"

---

[2] Plaintiff is not entitled to statutory tolling under Cal. Code of Civil Proc. § 352.1, which tolls the statute of limitations for two years for incarcerated individuals. Plaintiff does not allege he was incarcerated from January 20, 1987, onward ("the time the cause of action accrued"). However, even assuming he was, for claims that accrued before January 1, 1995, when section 352.1 was enacted, the Ninth Circuit has held that claims are tolled for two years from accrual, or until January 1, 1995, whichever occurs later. *See Fink*, 192 F.3d at 916. Thus, even assuming section 352.1 is applicable, the limitations period would have expired on January 1, 1996, still more than 10 years before Plaintiff filed his complaint.

[3] Absence of prejudice is not an independent basis for invoking equitable tolling. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984). It is merely a factor to be considered once a factor that might justify tolling is identified. *Id.* Here, Plaintiff has not alleged or identified any factor that justifies equitable tolling.

1  *Johnson v. Riverside Healthcare Systems, LP*, 516 F.3d 759, 770 n.3 (9th Cir.
2  2008) (citation omitted).

3         Plaintiff bears the burden of alleging facts that would give rise to equitable
4  tolling. *See Hinton v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993), *cert.*
5  *denied*, 511 U.S. 1083 (1994). Here, Plaintiff has not alleged any facts that, if
6  proved, would support the equitable tolling of his claims. It is evident from the
7  face of the complaint that there is no equitable tolling. *See Cervantes v. City of*
8  *San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). Plaintiff does not allege that he
9  pursued any claims between 1987 and 2006. *Guerrero v. Gates,* 442 F.3d 697,
10  706 (9th Cir. 2006) (plaintiff did not pursue claims before filing suit); *compare*
11  *Azer v. Connell*, 306 F.3d 930, 936, 938 (9th Cir. 2002) (affirming dismissal of
12  complaint as to plaintiff who failed to allege elements of equitable tolling;
13  reversing as to plaintiff who "diligently pursued both administrative and state court
14  remedies, promptly instituting actions to preserve its rights").

15         Plaintiff's Response to the Order to Show Cause does not establish any
16  basis for equitable tolling. Plaintiff's letters to lawyers and legal organizations
17  seeking legal representation in the years 2007 and 2008 (after the statute of
18  limitations already expired) do not establish equitable tolling. (Response at 1 ¶ 5
19  & Exs. 503-513.)

20         Plaintiff also appears to argue that dismissing his complaint would be a
21  "manifest injustice," citing the Ninth Circuit's decision in *Fink*. (Response at 2-3,
22  ¶¶ 7-10; *Id.* at 31 ¶ 1.) However, the Ninth Circuit used the phrase "manifest
23  injustice" in the context of deciding whether to apply a statute of limitations
24  provision retroactively to an existing cause of action. *Fink*, 192 F.3d at 916. By
25  contrast, this case does not involve retroactive application of a statute of
26  limitations. The Ninth Circuit in *Fink* confirmed the elements of equitable tolling,
27  rejected the Plaintiff's argument for equitable tolling, and did not hold that
28  "manifest injustice" saves a time-barred complaint. *Id.* at 914, 916-17. Plaintiff's

1 | argument that his claims are "forever tolling as it is forever accruing" is rejected.

2 | (Response at 27 ¶ 211.)

3 |      Plaintiff argues that he feared making a complaint without any evidence to

4 | support his claims.[4] (Response at 12 ¶ 75.) However, there is no authority

5 | applying equitable tolling simply because a plaintiff has no evidence to support a

6 | complaint. *See Wallace*, 127 S. Ct. at 1100 (equitable tolling is "not a cure-all for

7 | an entirely common state of affairs"). The absence of evidence did not prevent

8 | Plaintiff from filing this complaint in 2006. As Plaintiff acknowledges, a lawsuit

9 | may provide a vehicle for obtaining discovery. (Response at 2 ¶ 1.)

10 |      Plaintiff's argument that he has a conspiracy claim under 42 U.S.C. §

11 | 1985(3) is irrelevant to the statute of limitations issue.[5] (Response, Section II, ¶¶

12 | 3-5.) A conspiracy claim would not change the statute of limitations analysis.

13 | *See McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991)

14 | ///

15 |

---

16 |   [4] Plaintiff alleges that, in the 1985-1987 time frame, Defendants threatened
17 | him if he did not cooperate in making controlled purchases of illegal drugs. (*E.g.,*
   | FAC ¶¶ 63, 65-66, 68, 70, 73, 75-77; Response at 5, ¶¶ 27, 79.) Plaintiff's
18 | Response to the Order to Show Cause chronicles events beginning in 1998
   | (more than 10 years after the conduct that forms the basis of his complaint) in
19 | other states, which apparently lead up to the murder of which he was convicted in
   | Alabama. Plaintiff asks the Court to review his 2006 affidavits alleging such
20 | "continued victimization" of Plaintiff and his family. (Response at 12, ¶¶ 73, 85-
   | 195.) None of these allegations establishes the elements of equitable tolling.

21 |   [5] "To bring a [conspiracy] cause of action successfully under § 1985(3), a
22 | plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the
   | purpose of depriving, either directly or indirectly, any person or class of persons
23 | of the equal protection of the laws, or of equal privileges and immunities under
   | the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is
24 | either injured in his person or property or deprived of any right or privilege of a
   | citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536
25 | (9th Cir. 1992) (citation omitted). "[T]he second of these four elements requires
   | that in addition to identifying a legally protected right, a plaintiff must demonstrate
26 | a deprivation of that right motivated by some racial, or perhaps otherwise class-
   | based, invidiously discriminatory animus behind the conspirators' action." *Id.*
27 | (citation and internal quotation marks omitted). Although Plaintiff uses the phrase
   | "invidiously discriminatory animus," he fails to allege that he is a member of a
28 | protected class, or that he was discriminated against on that basis. (Response,
   | Section II, ¶ 3.)

1    ("[S]uits under § 1985(3) are also best characterized as personal injury actions
2    and are governed by the same statute of limitations as actions under § 1983.").
3          Plaintiff's § 1983 (and any potential § 1985) claims are time-barred.

4    <div align="center">**IV.**</div>

5    <div align="center">**FEDERAL TORTS CLAIMS ACT**</div>

6       **A.   Statute of Limitations**

7          The Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*,
8    authorizes suits against the United States for money damages for personal
9    injuries resulting from the negligent or wrongful acts or omissions of the United
10   States employees acting within the scope of their employment.  To bring an
11   action under the FTCA, a claimant must first file a written claim for money
12   damages with the federal agency employing the negligent employee.  28 U.S.C. §
13   2675.  Furthermore, a tort claim against the United States is "forever barred
14   unless it is presented in writing to the appropriate Federal agency within two
15   years after such claim accrues."  28 U.S.C. § 2401(b).  A claim begins to accrue
16   "when the plaintiff knows both the existence and cause of his injury."  *United*
17   *States v. Kubrick*, 444 U.S. 111, 113, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979).

18      **B.   Analysis**

19         Plaintiff does not allege that he filed any claim with any federal agency
20   within two years of 1987.  Notwithstanding his failure to file a claim with the
21   government or to file his complaint here until 18 years after the events, Plaintiff
22   alleges he is saved by 28 U.S.C. § 2401(a), which tolls the six-year statute of
23   limitations for "any person under legal disability . . . at the time the claim accrues
24   [until] three years after the disability ceases."  (FAC ¶ 2.)  Section 2401(a)
25   provides that a plaintiff has six years to bring any civil action against the United
26   States.  However, the Ninth Circuit has held that the "legal disability" language in
27   § 2401(a) does not apply to subsection (b).  *United States v. Glenn*, 231 F.2d
28   884, 887 (9th Cir.) ("[T]he disability provision of 2401(a) [does not] reach into

<div align="center">8</div>

1  2401(b), the limitations sub-section for Federal Tort Claims"), *cert. denied*, 352

2  U.S. 926 (1956). Therefore, subsection (a) is not applicable to Plaintiff's case.

3      Finally, any claim that Plaintiff is entitled to tolling based on mental illness

4  is unsupported. Plaintiff alleges that during the time of the misconduct, he "began

5  to experience paranoid tendencies." (FAC ¶ 80.) He also alleges that his "mental

6  illness had begun to progressively worsen during his involuntary employment for

7  the defendants." (*Id.* ¶ 111.) The Court notes that in papers filed by the Plaintiff

8  on March 7, 2008, he claims that in 2002, as part of his trial for murder in

9  Alabama, Dr. Shealy diagnosed Plaintiff with "intermittent explosive rage

10  disorder" and "paranoid personality disorder." (Affidavit/Motion at 1-2; *see also*

11  FAC, Ex. B, Psychological Evaluation Summary at 2.) Dr. Shealy was hired by

12  Plaintiff's criminal counsel "to assist in determining his mental state at the time of

13  the offense."[6] (FAC, Ex. B, Psychological Evaluation Summary at 1.)

14      "Mental incompetency generally does not toll the statute of limitations of the

15  Federal Torts Claims Act" unless the mental conditions bears on the plaintiff's

16  ability to understand the nature and cause of his injuries. *Kelly v. United States*,

17  554 F. Supp. 1001, 1005 (E.D.N.Y. 1983) (citations omitted); *see Zeidler v.*

18  *United States*, 601 F.2d 527, 531 (10th Cir. 1979); *see also Outman v. United*

19  *States*, 890 F.2d 1050, 1053 (9th Cir. 1989) ("The uncontested evidence in the

20  present case, however, shows that regardless of the precise extent of appellant's

21  mental illness or injury, he was aware of the physical cause of his injury by at

22  least 1977").

23  ///

24

25      [6] Plaintiff was convicted of a murder that was committed on December 30,

26  2000. *Eggers v. Alabama*, 914 So. 2d 883, 888 (Ala. Crim. App. 2004), *cert.
denied*, 546 U.S. 1140 (2006). Although Eggers pled not guilty by reason of

27  insanity, he never claimed he was insane at the time of the crime. *Id.* at 890. He
claimed "he suffered from intermittent explosive disorder and personality disorder,

28  that the initial attack on Francis in the truck was the result of blind rage
precipitated by Francis slapping him." *Id.*

9

1    Plaintiff has not alleged any facts indicating he did not understand the

2  nature and cause of his injuries in 1987. During the period 1985-87, Plaintiff

3  alleges that the actions of unnamed FBI agents, working together with the San

4  Bernardino police, injured him. (See, e.g., FAC ¶ 81.) In Section VI of his

5  Response, Plaintiff offers no legal support that any claim under the FTCA is not

6  time-barred. (Response at 32-33.) He refers to a letter he sent to the head of

7  each agency on February 9, 2006, but even if such a letter constituted a valid

8  claim under the FTCA, it was years too late. (Response at 32 ¶ 1.)

9                                    **V.**

10                            **RECOMMENDATION**

11    For the reasons discussed above, it is recommended that the District Court

12  issue an Order (1) adopting this Report and Recommendation and (2) directing

13  that judgment be entered dismissing this action with prejudice.

14

15

16  DATED:  April 24, 2008

                                    _____
17                                          ALICIA G. ROSENBERG
                                      United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28